# EXHIBIT A

FILED
2020 AUG 31 PM 1:32
SCOTT G. WEBER, CLERK
CLARK COUNTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CLARK

| | |
|---|---|
| DALE GARCIA and JANA ARCHAMBEAU, husband and wife,<br><br>                 Plaintiffs,<br><br>v.<br><br>THOMAS BENENATI and LORETTA BENENATI, husband and wife and the marital community thereof; RYAN LAYTON and JANE DOE LAYTON, husband and wife and the marital community thereof; ROBERT INGRAM and JANE DOE INGRAM, husband and wife and the marital community thereof; MICHAEL STERNBACK and JANE DOE STERNBACK, husband and wife and the marital community thereof; MATT NILES and JANE DOE NILES, husband and wife and the marital community thereof; STATE OF WASHINGTON; WASHINGTON STATE PARKS AND RECREATION COMMISSION; JOHN and JANE DOES 1-20 and the marital communities thereof, and ABC CORPORATIONS 1-10,<br><br>                 Defendants. | No. 20 2 01677 06<br><br>**COMPLAINT FOR DAMAGES AND FOR VIOLATION OF CIVIL RIGHTS** |

COME NOW Plaintiffs, DALE GARCIA and JANA ARCHAMBEAU, by and through their attorneys undersigned, and for causes of action against Defendants plead and allege as follows:

## I. JURISDICTION AND VENUE

**1.1** Plaintiffs assert claims under 42 U.S.C. § 1983 over which this Court has concurrent jurisdiction with the federal courts. Plaintiffs' state-law claims for personal

COMPLAINT FOR DAMAGES & VIOLATION OF CIVIL RIGHTS - 1

**Leemon + Royer**    403 Columbia St., Ste. 500 Seattle, WA 98104
Phone 206-269-1100 Fax 206-269-7424

2
PPS

injury are within this Court's original jurisdiction and arise from the same set of facts. A significant part of the acts alleged herein including the injury of the plaintiffs occurred in Clark County Washington.

## II. PARTIES

**2.1** At all times material hereto, Plaintiffs were husband and wife, residing in Clark County, WA.

**2.2** Thomas Benenati was at all times material hereto a Park Ranger for Defendant Parks Department and is believed to be a resident of Clark County, Washington.

**2.3** At all times material hereto, Defendant Thomas Benanti and Loretta Benenati were husband and wife, and as such constituted a marital community under the laws of the State of Washington. All acts performed by Defendant Thomas Benenati were for the benefit of the marital community.

**2.4** At all times material hereto, Defendant Benenati was an employee and/or agent of Defendant State of Washington, was acting in the course and scope of said employment/agency and was acting under color of State law.

**2.5** Ryan Layton is and was at all times material hereto a Region Manager at Defendant Parks Department whose current address is believed to be in Wenatchee, Washington.

**2.6** At all times material hereto, Defendant Layton and Jane Doe Layton, whose true name is unknown, were husband and wife, and as such constituted a marital community under the laws of the State of Washington. All acts performed by Defendant Layton were for the benefit of the marital community.

**2.7** At all times material hereto, Defendant Layton was an employee and/or agent of Defendant State of Washington, was acting in the course and scope of said employment/agency and was acting under color of State law.

2.8 Robert Ingram is and was at all times material hereto the Chief of Visitor Protection and Law Enforcement for Defendant Parks Department, whose county of residence is presently unknown, but is believed to be within the Western District of Washington.

2.9 At all times material hereto, Defendant Ingram and Jane Doe Ingram, whose true name is unknown, were husband and wife, and as such constituted a marital community under the laws of the State of Washington. All acts performed by Defendant Ingram were for the benefit of the marital community.

2.10 At all times material hereto, Defendant Ingram was an employee and/or agent of Defendant State of Washington, was acting in the course and scope of said employment/agency and was acting under color of State law.

2.11 Defendant Michael Sternback is and at all relevant times was Assistant Director Operations for Defendant Parks Department, whose county of residence is presently unknown but is believed to be within the Western District of Washington.

2.12 At all times material hereto, Defendant Sternback and Jane Doe Sternback, whose true name is unknown, were husband and wife, and as such constituted a marital community under the laws of the State of Washington. All acts performed by Defendant Sternback were for the benefit of the marital community.

2.13 At all times material hereto, Defendant Sternback was an employee and/or agent of Defendant State of Washington, was acting in the course and scope of said employment/agency and was acting under color of State law.

2.14 Defendant Matt Niles was at all times material hereto the Southwest Region Manager for Defendant Parks Department whose county of residence is presently unknown, but is believed to be within the Western District of Washington.

2.15 At all times material hereto, Defendant Matt Niles and Jane Doe Niles were husband and wife, and as such constituted a marital community under the laws of the State of Washington. All acts performed by Defendant Matt Niles were for the benefit of the marital community.

2.16 At all times material hereto, Defendant Niles was an employee and/or agent of Defendant State of Washington, was acting in the course and scope of said employment/agency and was acting under color of State law.

2.17 Defendant State of Washington was and is a sovereign state and has by law consented to be sued.

2.18 Defendant Washington State Parks and Recreation Commission (hereafter Parks Department) is a public agency of the State of Washington. Defendant Parks Department is and was at all times material hereto responsible for the operation of Paradise Point State Park located in Ridgefield, Clark County, Washington.

2.19 Upon information and belief, at all times material hereto, Defendants JOHN and JANE DOES, 1-10, whose names are presently unknown were supervisory personnel of Defendant Parks Department and/or Defendant State of Washington who knew or should have known of Defendant Benenati's tendency to violence and danger of causing harm to members of the public, and were in a position to and had a duty to mitigate the risk of such violence. Each and all of them with negligence, gross negligence and/or deliberate indifference failed to do so.

2.20 Further, JOHN and JANE DOES, 1-10, were employees and/or agents of Defendant STATE OF WA and were acting within the course and scope of said employment/agency and under color of State law. The identities of these individuals are not yet fully ascertainable, and discovery will be required to determine whether additional parties should be or will be named. Plaintiff reserves the right to amend her complaint to more specifically identify JOHN and JANE DOES 1-10, when such identities are

discovered, and such amendment shall relate back to the time this complaint is filed.

**2.21**   Plaintiff served a tort claim in this matter on the State of Washington on or about December 7, 2018; more than 60 days have passed since service thereof.

### III.   FACTS

Plaintiffs re-allege and incorporate by reference each and every allegation set forth in paragraphs 1.1 through 3.21.

**3.1**   As of June 9, 2018 Defendant BENENATI had a tendency to act with excessive force and violence and had a history of repeated improper violence towards park patrons, and said tendency and said history of violence were well known to all Defendants. Notwithstanding this knowledge, the individual defendants failed to take appropriate steps to retrain, restrain or otherwise discipline Benenati so as to mitigate the clear danger he presented to the public, instead maintaining him in his position as an armed Park Ranger in reckless disregard of the rights of the park-going public.

**3.2**   On or about June 9, 2018 Plaintiff Jana Archambeau was transporting her son to a campsite at Paradise Point State Park and mistakenly drove down a one-way park road. She was stopped by Park Ranger Benenati who had her pull over to a small parking area. Ms. Archambeau stepped out of her car and was pushed back into the car by Benenati, who told her to provide license, registration and insurance.

**3.3**   Because her insurance card was not current, Ms. Archambeau called her husband, plaintiff Dale Garcia, and asked him to bring the current one.  Mr. Garcia arrived and parked by the entrance of the park and began walking to where his wife was parked.

3.4     Defendant Benenati immediately told Mr. Garcia to leave and without provocation deployed his Taser on Mr. Garcia, then Tased him again, pepper sprayed both the Plaintiffs; and beat the unarmed Mr. Garcia repeatedly with his metal baton.

3.5     Ms. Archambeau tried to come to her husband's aid and Benenati hit her with the baton as well.

3.6     Benenati then pulled his loaded handgun and pointed it at Mr. Garcia and Ms. Archambeau. Neither Mr. Garcia nor Ms. Archambeau were armed, nor did either pose any danger to Benenati or anyone else, and there was no justification for Benenati's offer of deadly force.

3.7     Benenati then continued to beat Mr. Garcia with his ASP, while Garcia was retreating in an attempt to avoid further injury. Benenati arrested Mr. Garcia, turned him over to transporting officers, filed a false police report and initiated false criminal actions against Mr. Garcia, charging him with Assault III and Resisting Arrest. He was transported to Clark County Jail and was released June 11, 2018, with directions to appear in court on June 22, 2018.

3.8     Mr. Garcia appeared in Court on June 22, 2018, at which time the prosecuting attorney determined not to file any charges against Mr. Garcia, nor has any been filed against him since.

3.9     As a proximate result of the actions of Defendant Benenati, Mr. Garcia sustained acute fractures of the left anterior fourth through sixth ribs; an open displaced oblique fracture of shaft of his left ulna; head injury and scalp lacerations requiring 7 staples

to close and a collapsed lung. Ms. Archambeau suffered bruises and extreme psychological distress and exacerbation of a pre-existing emotional and psychological condition.

**3.10**  As a proximate result of the actions of the other individually named defendants both of the Plaintiffs suffered damages as set out above and more fully below.

## IV.  LIABILITY AND CAUSES OF ACTION

**First Cause of Action: Violation of Civil Rights**

**4.1**  The facts reflected in 3.1-3.10, *supra*, are herein incorporated by reference.

**4.2**  Defendant Benenati arrested plaintiff without probable cause. and subjected him to unlawful and unnecessary force in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, all in violation of 42 U.S.C.§1983. Defendant Benenati also caused Plaintiff Garcia to be jailed and charged with crimes he had not committed, again without probable, cause constituting further violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States constitution, and for these further acts Defendant is liable to Plaintiff pursuant to 42 U.S.C.§1983.

**4.3**  At all times relevant hereto, Defendant Benenati, and the individual defendants and John Doe defendants herein, were acting under color of state law.

**4.4**  The actions of the individually named and John Doe defendants were in violation of plaintiff's rights under the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.

**4.5**  The actions of the defendants were conducted with malice, and without any regard for the rights of plaintiffs.

**4.6** Defendant Benenati also subjected Plaintiff Archambeau to unlawful and unnecessary force in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, all in violation as well of 42 U.S.C. §1983.

**Second Cause of Action:**     **Common Law Negligent/Intentional Infliction of Severe Emotional Distress; Outrage**

By this reference, Plaintiffs incorporate each and every allegation set forth in the preceding paragraphs.

**4.7** Defendant Benenati, by his conduct. intentionally, or with reckless indifference to the well-being of plaintiffs, inflicted severe emotional distress on plaintiffs.

**4.8** The actions of the defendant as alleged above are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community.

**4.9** As a direct and proximate result of the aforementioned acts and conduct of defendant Benenati, Plaintiffs suffered extreme, severe and ongoing emotional distress.

**Third Cause of Action: Common Law False Arrest and False Imprisonment**

**4.10** By this reference, plaintiff incorporates each and every factual allegation set forth above.

**4.11** The actions of the defendant Benenati alleged above constitute false arrest and false imprisonment for which the defendants are liable to plaintiff Garcia.

**Fourth Cause of Action: Common Law Malicious Prosecution**

**4.12** By this reference, plaintiff incorporates each and every factual allegation set forth above.

4.13    Defendant Benenati, without just cause instituted charges against plaintiff Garcia for which there was **no** probable cause.

4.14    The charges against plaintiff were brought with malice.

4.15    The charges against plaintiff were abandoned.

**Fifth Cause of Action: Common Law Assault and Battery**

4.16    By this reference, Plaintiff incorporates each and every factual allegation set forth above.

4.17    Defendant Benenati intentionally acted to put plaintiffs in fear of injury, and in fact struck and injured both of them without provocation or justification.

4.18    As a result of these actions of Defendant Benenati, plaintiffs were injured.

**Sixth Cause of Action: Negligence**

4.19    By this reference, Plaintiff incorporates each and every factual allegation set forth above.

4.20    Defendants Layton, Ingram, Steinbach and Niles, and JOHN and JANE DOES 1-10 and by them Defendants State of Washington and Parks Department knew and/or should have known that Defendant Benanti posed a significant, continuing and unreasonable danger of harm to visitors at Washington State Parks and was likely to cause injury to park visitors if not properly controlled.

4.21    Defendants State of Washington and Parks Department had a special relationship with Benenati, so as to create a duty to take reasonable care to so control Benenati as to prevent his causing harm to others. Nonetheless, defendants failed to exercise

reasonable care to supervise, train and/or control Benenati so as to prevent harm to park visitors at Benenati's hands.

## V.   DAMAGES

**5.1**   As a direct and proximate result of the negligence of the defendants, and each of them, Plaintiff, Dale Garcia has suffered and will suffer the following damages:

    A.   Violation of Civil Rights;

    B.   Pain and suffering, past, present and future, physical and psychological;

    C.   Past and future medical expenses;

    D.   Past and future loss of ability to enjoy life;

    E.   Loss of income

    F.   Past and future medical expenses;

    G.   Legal fees and bail premium; and

    H.   Loss of consortium.

**5.2**   As a direct and proximate result of the negligence of the defendants, and each of them, Plaintiff, Jana Archambeau has suffered and will suffer the following damages:

    I.   Violation of Civil Rights;

    J.   Pain and suffering, past, present, and future, physical and psychological;

    K.   Past and future loss of the ability to enjoy life; and

    L.   Loss of consortium.

///

///

## VI. PRAYER FOR RELIEF

6.1  WHEREFORE, plaintiff prays for judgment against defendants and each of them for the items of damages set forth in paragraphs 6.1 and 6.2 above, and for costs, disbursements, attorney's fees, and any other items of damage appropriate in the premises.

6.2  Plaintiff further seeks reasonable attorney fees and costs pursuant to 42U.S.C.§1983, 1988.

6.3  Plaintiff further seeks punitive damages against the individual defendants for their violation of plaintiffs' civil rights, done with active malice, evil purpose and without regard for their rights.

DATED this 27th day of August, 2020.

LEEMON + ROYER, PLLC

_____
Mark Leemon. WSBA #5005
Counsel for Plaintiffs

PFAU COCHRAN VERTETIS AMALA, PLLC


_____
Tom Vertetis, WSBA #29805
Counsel for Plaintiffs