UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALE GARCIA, et al.,

          Plaintiffs,

  v.

THOMAS BENENATI, et al.

          Defendants.

CASE NO. C20-5945 BHS

ORDER TO SHOW CAUSE

This matter comes before the Court on Defendants' motion for summary judgment, Dkt. 3, and Plaintiffs' motion for leave to amend their complaint, Dkt. 12.

The procedural history in this case is somewhat complex. On August 31, 2020, Plaintiffs filed a complaint in Clark County Superior Court for alleged excessive use of force by Defendant Thomas Benenati, a Washington State Park Ranger. Dkt. 1-1. The operative complaint is substantially similar, if not nearly identical, to the complaint filed in *Garcia v. Benenati, et al.*, No. 3:19-cv-05597-BHS, Dkt. 1 ("*Garcia I*"). Defendant Benenati is the only remaining defendant in *Garcia I*, and Plaintiffs bring both federal law and state law claims against him.

ORDER - 1

On September 23, 2020, Defendants removed the case to this Court on the grounds of federal question jurisdiction. Dkt. 1. Defendants, the next day, filed a motion for summary judgment. Dkt. 3. On October 13, 2020, Plaintiffs replied and conceded that the operative complaint was filed in error as it was Plaintiffs' intention to file only state law claims in the instant lawsuit. Dkt. 9. Plaintiffs requested that the Court grant leave to file an amended complaint and to remove the federal law claims. Defendants replied on October 16, 2020. Dkt. 10.

On November 2, 2020, Plaintiffs filed a motion to amend their complaint and filed a proposed amended complaint. Dkts. 12, 12-1. On November 4, 2020, Defendants responded and stated that they did not oppose the amended complaint with one exception—the inclusion of Defendant Benenati. Dkt. 15. On November 19, 2020, Plaintiffs replied. Dkt. 16. Defendants assert that Plaintiffs' proposed amended complaint that includes Benenati is improper because Plaintiffs are suing Benenati for state law claims in *Garcia I*. Defendants argue that Plaintiffs are impermissibly splitting their claims against Benenati and that the Court should allow Plaintiffs leave to amend but also grant Defendants' motion for summary judgment, dismissing the state law claims against Benenati.

Defendants correctly note that the district court has discretion "to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. Cal. Dep't of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). The Court here concludes that,

1 | in the spirit of judicial economy, consolidation would likely be the best resolution of this
2 | issue. Both lawsuits arise out of the same transaction or occurrence, and even if *Garcia*
3 | *I*'s federal law claims are dismissed, the Court may still choose to exercise supplemental
4 | jurisdiction over Plaintiffs' state law claims pursuant to 42 U.S.C. § 1367(a).

5 |   The Court therefore orders the parties to show cause why these two cases should
6 | not be consolidated into a single action. The parties may file simultaneous responses no
7 | later than January 22, 2021. The Clerk shall renote Defendants' motion for summary
8 | judgment, Dkt. 3, and Plaintiffs' motion for leave to amend their complaint, Dkt. 12, for
9 | the Court's January 22, 2021 calendar.

10 |   **IT IS SO ORDERED.**

11 |   Dated this 14th day of January, 2021.

            BENJAMIN H. SETTLE
            United States District Judge