UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE GARCIA, et al. | CASE NO. C20-5945 BHS |
| Plaintiffs, | ORDER |
| v. | |
| THOMAS BENENATI, et al. | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for summary judgment, Dkt. 3, Plaintiffs' motion for leave to amend their complaint, Dkt. 12, and the Court's order to show cause, Dkt. 18. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

The Court reincorporates by reference the relevant factual and procedural background found in the underlying order. *Id*. The instant motions involve Plaintiffs' erroneously filed complaint, which includes federal claims against Defendants. Plaintiffs

ORDER - 1

1 have also brought federal claims against Defendant Thomas Benenati in *Garcia v.*
2 *Benenati, et al.*, No. 3:19-cv-05597-BHS ("*Garcia I*"). Defendants have moved for
3 summary judgment to dismiss the state law claims against Benenati, Dkt. 3, and Plaintiffs
4 have filed a motion to amend their complaint to remove all state law claims, Dkt. 12.
5 Defendants do not oppose the amended complaint, *see* Dkt. 12-1, except for the inclusion
6 of state law claims against Benenati, Dkt. 15. Defendants have accurately summarized
7 the differences between the complaint in *Garcia I* and this case ("*Garcia II*"):

| Version | *Garcia I* Complaint | *Garcia II* Complaint |
|---|---|---|
| Original | State and federal law claims against all defendants | State and federal law claims against all defendants |
| Current | *After dismissals:* State and federal law claims against Benenati only | State law claims against all defendants, including Benenati |

*Id.* at 3.

Defendants assert that Plaintiffs' proposed amended complaint that includes Benenati is improper because Plaintiffs are suing Benenati for state law claims in *Garcia I*. Defendants argue that Plaintiffs are impermissibly splitting their claims against Benenati and that the Court should allow Plaintiffs leave to amend but also grant Defendants' motion for summary judgment, dismissing the state law claims against Benenati.

In light of these motions, on January 14, 2021, the Court ordered the parties to show cause as to why *Garcia I* and *Garcia II* should not be consolidated. Dkt. 18. On January 22, 2021, the parties responded and explained why the cases should not be

consolidated. Dkts. 19, 20. The Court will therefore not consolidate the two actions and will address the substantive motions.

## II. DISCUSSION

Although Defendants filed their motion for summary judgment prior to Plaintiffs' motion for leave to amend, the Court will first address Plaintiffs' motion.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

Although Defendants did not explicitly raise the issue of prejudice as to Benenati in their response to Plaintiff's motion for leave to amend, the Court concludes that claim-splitting and prejudice are interconnected in this case. "The ultimate objective of this rule against claim-splitting is to 'protect the Defendant from being harassed by repetitive actions based on the same claim' and to promote judicial economy and convenience." *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F. Supp. 3d 1117, 1123 (C.D. Cal. 2016) (quoting and citing *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir.

1995); Restatement (Second) of Judgments § 24). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

      Plaintiffs have conceded that the complaint in *Garcia II* was filed in error and arises out of the same nucleus of facts as the *Garcia I* complaint. Allowing Plaintiffs to claim split and maintain a state action against Benenati would be inherently prejudicial to him. Plaintiffs are therefore granted leave to amend their complaint except for state law claims against Benenati. Plaintiffs should file an amended complaint excluding all federal claims and Benenati as a Defendant. Upon the filing the amended complaint as suggested by this Order, the Court shall *sua sponte* remand the case to Clark County Superior Court. The Court reserves ruling on Defendant's motion for summary judgment[1] and will address the substantive motion if Plaintiffs fail to proceed as suggested by this Order.

---

[1] If Plaintiffs amend their complaint as suggested, Defendants' motion for summary judgment may be mooted or denied without prejudice. *See, e.g.*, *Farkas v. Gedney*, No. 2:14-cv-451-JAD-VCF, 2014 WL 5782788, at *3 (D. Nev. Nov. 6, 2014) ("granting [Plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice . . . .").

### III.  ORDER

Therefore, it is hereby **ORDERED** that that Plaintiffs' motion for leave to amend their complaint, Dkt. 12, is **GRANTED**. The Court **RESERVES RULING** on Defendants' motion for summary judgment, Dkt. 3.

Dated this 18th day of February, 2021.

BENJAMIN H. SETTLE
United States District Judge